IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 SEP 17 A 10: 18

CLERK_____
SO. DIST. OF GA.

LYNDON JOHNSON,

   Plaintiff,

v.

   CIVIL ACTION NO.: CV513-076

DARRELL HART and
TAMMY GRIFFIN,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting conditions of his confinement while housed at Ware State Prison in Waycross, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that on March 25, 2012, he was working in the kitchen when Defendant Griffin asked him to "do another inmates job!" (Doc. No. 1, p. 5). Plaintiff alleges that when he was pushing a tray cart, his middle finger was "completely cut off" due to lack of space near the new gate door. (Id.). Plaintiff contends that he had no experience concerning how to push a tray cart. Plaintiff asserts that "the gate sticks out making it difficult (room) to push a cart through it unless trained to do so!" (Id.). Plaintiff names Darrell Hart, Warden of Wilcox State Prison and Tammy Griffin, kitchen's steward at Ware State Prison as Defendants.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County,

AO 72A
(Rev. 8/82)

50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any factual allegations against Defendant Hart demonstrating how he was involved with the alleged kitchen incident. In addition, it appears Plaintiff seeks to hold Defendant Hart liable based solely on his position as Warden. "[S]ection 1983 will not support a claim based on a *respondeat superior* theory of liability." Marsh v. Butler County, Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Plaintiff has failed to make this basic showing. Plaintiff has failed to state a claim against Defendant Hart; therefore, he should be **dismissed** as a Defendant in this case.

Plaintiff alleges Defendant Griffin advised him to do another inmate's job. However, Plaintiff does not provide any factual allegations demonstrating how Defendant Griffin deprived him of some Constitutional right. If Plaintiff intends to allege that he was negligently trained to perform a job, such a claim cannot be sustained. An allegation that a defendant acted with negligence in causing Plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Plaintiff has not shown that he is entitled to relief against Defendant Griffin.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 17th day of September, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)