IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LYNDON JOHNSON,

    Plaintiff,

v.                                              CIVIL ACTION NO.: CV513-076

DARRELL HART and
TAMMY GRIFFIN,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Plaintiff filed an "Order to Amend doc. 12", which the undersigned construes as Plaintiff's objections to the Magistrate Judge's Report and Recommendation. In this pleading, Plaintiff states that Defendant Hart failed to make sure the kitchen "stewarts" were properly trained before the "stewarts" could train the inmates. (Doc. No. 14, p. 1). Plaintiff also states that Defendant Griffin was being deliberately indifferent. Plaintiff asserts that another inmate lost his finger a few days after Plaintiff lost his finger.

"A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a

AO 72A
(Rev. 8/82)

formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. Plaintiff's assertions are conclusory and do not reach the plausibility standard.

Plaintiff's objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED** based on his failure to state a claim upon which relief may be granted. The Clerk of Court is authorized to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 10 day of March, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)